UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ARISTA,<br><br>          Plaintiff,<br><br>     v.<br><br>FELEPPA,<br><br>          Defendant. | **1:22-cv-00240-GSA-PC**<br><br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF Nos. 11, 12.)** |

      Alfred Arista ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On February 25, 2022, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

      On August 15, 2022 and September 1, 2022, Plaintiff filed motions seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff's Complaint awaits the Court's requisite screening. At this early stage of the proceedings, the Court cannot determine if Plaintiff is likely to succeed on the merits of the case. Plaintiff seeks appointment of counsel because he cannot afford to retain counsel and his imprisonment will greatly limit his ability to litigate. These are not an exceptional circumstances under the law. Plaintiff's claims that he was subjected to adverse conditions of confinement are not complex, and based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motions shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motions for the appointment of counsel are HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **September 22, 2022**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE