UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALFRED ARISTA,

            Plaintiff,

      v.

FELEPPA,

           Defendant.

**1:22-cv-00240-GSA-PC**

**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**

**AND**

**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**
**(ECF No. 10.)**

**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS**

I.      **BACKGROUND**

      Alfred Arista ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On February 25, 2022, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

      On July 25, 2022, Plaintiff, who is currently housed at Avenal State Prison, filed what appears to be a letter containing several concerns including the delay of this case, the prisons heat protocol, the delay in the prison's exhaustion process, slowness in receiving legal mail and his oft stated need for the assistance of a lawyer. Although it is unclear that Plaintiff is doing no

1

more than alerting the Court of his concerns, the Court will out of an abundance of caution treat Plaintiff's letter as a motion for preliminary injunctive relief.  (ECF No. 10.)

## II.    PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

### Analysis

Plaintiff filed a Complaint against defendant Michael Feleppa, Correctional Officer at Avenal State Prison, and Does 1-100, for refusing to allow Plaintiff to exit his prison cell and enter common areas to gain access to fresher and cooler air during an extreme heat and power outage on August 15-16, 2020.  Plaintiff alleges that the defendants failed to follow the requirements of the protocol for heat emergencies such as the requirements to check heat meters, check temperatures in the cells, and bring ice water to inmates.  Plaintiff suffered from heat exhaustion and anxiety attacks because of extreme temperatures, lack of airflow, and near suffocation in a confined space.

Plaintiff apparently now seeks a court order compelling officials at the prison to follow the protocol for heat emergencies this summer if the prison experiences extreme heat like in August 2020.  Plaintiff also complains that his legal mail is being delayed, and as well as other concerns mentioned above, thus violating his right to due process.

If in fact Plaintiff is requesting injunction relief, the court lacks jurisdiction to issue the order(s) sought by Plaintiff because the relief he requests – for prison officials to follow the prison's heat protocol in summer 2022, to expedite his legal mail, and to remedy his other concerns -- would not remedy any of the claims in his Complaint.  This case was filed against defendants C/O Feleppa and Does 1-100 based on events that occurred in August 2020 at Avenal State Prison.  Plaintiff now requests a court order protecting him from present and future violations by officers at the prison.  Because such an order would not remedy any of the claims in this case, which is based on past events occurring in 2020, the court lacks jurisdiction to issue the order sought by Plaintiff.

Just as importantly, this case is still yet to be screened by the Court and no defendant has been served or appeared, thus the Court has no personal jurisdiction over officials at Avenal State Prison and cannot issue orders concerning them (see, Connelly v. Dudley US Dist Lexis 184523). Plaintiff's motion must therefore be denied.

## III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, **IT IS HEREBY ORDERED** that the Clerk randomly assign a United States District Judge to this case;

**and**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on July 25, 2022, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 23, 2022**                  **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE