1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALFRED ARISTA,                          No.  1:22-cv-00240 KES GSA (PC)

12               Plaintiff,                   ORDER DISREGARDING OR DENYING
                                             MULTIPLE MOTIONS FILED BY PARTIES
13          v.
                                             (ECF Nos. 37, 38, 40 at 2, 42, 43, 45, 46, 47)
14   MICHAEL FELEPPA,
                                             ORDER MODIFYING DISCOVERY AND
15               Defendant.                   SCHEDULING ORDER

16                                           (ECF No. 36)

17                                           PLAINTIFF'S MOTION TO COMPEL DUE
                                             IN FORTY-FIVE DAYS
18
                                             DEFENDANT'S RESPONSE TO MOTION
19                                           TO COMPEL DUE TWENTY-ONE DAYS
                                             THEREAFTER
20
                                             CURRENT MAY 5, 2025, PRETRIAL
21                                           MOTION DUE DATE IS VACATED
                                             PENDING THE RESOLUTION OF ANY
22                                           SUBSEQUENTLY FILED MOTIONS TO
                                             COMPEL
23

24
            Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil
25
     rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States
26
     Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This matter is at the
27
     discovery phase of the proceedings.  See generally ECF No. 36 (discovery and scheduling order)
28

                                             1

Before this Court are: (1) Plaintiff's motion to show Defendant is lying in his responses and being late answering the complaint (ECF No. 37); (2) Defendant's request for clarification and response to that motion (ECF No. 40); (3) Plaintiff's motion to enter default on Defendant with supporting declaration (ECF Nos. 38, 41); (4) Plaintiff's motion for discovery (ECF No. 42); (5) Plaintiff's motion to dismiss Defendant's claim to responses (ECF No. 43); (6) Plaintiff's motion for clarification and responses to Defendant's responses (ECF No. 45); (7) Plaintiff's motion for the appointment of counsel (ECF No. 46) and (8) Plaintiff's motion to compel for failure to make disclosure or cooperate in discovery with supporting declaration (ECF Nos. 47, 48).

For the reasons stated below, all motions filed will be either disregarded or denied. In addition, the Court will sua sponte modify the discovery and scheduling order so that Plaintiff may have the opportunity to file a proper motion to compel,[1] and Defendant's response to the motion will be due twenty-one days thereafter. Consistent with this action, the pretrial motion due date will also be vacated pending resolution of any subsequently filed motions to compel.

## I.  RELEVANT BACKGROUND

### A.  Plaintiff's Complaint

Plaintiff's complaint alleges violations of right under the Eighth Amendment against Defendant Feleppa. Plaintiff contends that in August of 2020, Defendant Feleppa violated his right to be free from cruel and unusual punishment when during a two-day heat emergency in which temperatures rose to between 105 and 107 degrees, Defendant Feleppa failed to allow him to exit his hot, stuffy cell; failed to assist him when he was having a panic attack and was having trouble breathing; ignored prison protocols and California regulations for heat emergencies, and engaged in other improper behavior. See ECF No. 1 at 2-5.

### B.  Discovery Proceedings

On October 21, 2024, the Court issued a discovery and scheduling order. ECF No. 36. In

---

[1] The Court presumes that since the date for filing motions to compel ended on February 10, 2025, and Defendant – who is represented by counsel – has not filed a motion to compel, that Defendant was not going to file one. If this is incorrect, Defendant may also file a motion to compel within the same forty-five-day period that will be given to Plaintiff herein.

it, discovery ended and motions to compel were due by February 10, 2025.  Id. at 6.  Pretrial

motions are due on May 5, 2025.  Id.

II.   OUTSTANDING MOTIONS RELATED TO ANSWER AND DISCOVERY

A.   Plaintiff's Motion to Show Defendant Is Lying; Falsifying Responses; Late
Answering Complaint

In Plaintiff's motion docketed October 25, 2024 (ECF No. 37), he appears to argue

Defendant is lying about statements made in his answer to the complaint related to heat protocols

in which Defendant denies that he ignored pleas of prisoners to exit their cells, and denies that he

forced them to stay in their cells.  ECF No. 37 at 1 (appearing to reference page 3, line 6 of

Defendant's answer) see also ECF No. 35 at 3, ¶ 11 (Defendant's answer).

In response to this motion, Defendant has filed a motion requesting clarification as to

whether Plaintiff's filing is a motion for default or a dispositive motion.  ECF No. 40.  Plaintiff

has not filed a response to this motion.

Plaintiff's filing, as Defendant points out,  is unclear (ECF No.37).  It appears to be asking

the Court to take note of Plaintiff's allegations and of the prison's heat protocols and requests the

court to deny Defendant's responses contained in Defendant's answer to Plaintiff's complaint.

As Plaintiff has not supported his request with legal authority for doing so, his request is denied.

Regarding Plaintiff's request to enter default (ECF No. 45), because it again offers no

legal justification for doing so, it is likewise denied.

In sum, Plaintiff's motion (ECF No. 37) is denied.  Additionally, given that it is not within

the Court's purview to interpret the underlying meaning or intent of a party's filed pleading, the

part of Defendant's motion that asks for clarification of Plaintiff's motion to show Defendant is

lying (ECF No. 40 at 2), will also be denied.

B.  Plaintiff's Motion to Enter Default Judgment on Defendant

In this motion, also docketed October 15, 2024 (ECF No. 38), Plaintiff requests the Court

to enter default against Defendant for failure to plead or otherwise defend in a timely manner

because the response to his complaint was not filed pursuant to Rule 55 and within the twenty-

1   one-day period the Court gave him.[2]  Id. at 2.  Moreover, in Plaintiff's declaration in support of

2   his default request, he argues that because Defendant was served with the complaint on June 5,

3   2024, and more than twenty-one days passed after he was served, Defendants answer to the

4   complaint, filed October 17, 2024 (see ECF No. 35), is late.  See ECF No. 41 (Plaintiff's

5   declaration in support of entry of default).

6        In Defendant's opposition to the motion, he contends that his answer to the complaint was

7   timely filed within the twenty-one-day period the Court ordered.  See ECF No. 39.  This is

8   because the Court's order directing him to file the response within that period was dated

9   September 28, 2024 (see ECF No. 34 at 3) (signature and date of order docketed 9/30/24);

10  twenty-one days from that date was October 19, 2024 – a Saturday – but that irrespective of this,

11  he filed his answer to Plaintiff's complaint on October 17, 2024, before the twenty-one-day

12  deadline.  See ECF No. 39 at 1-2 (Defendant's opposition to Plaintiff's default motion).

13       Plaintiff is reminded that after Defendant filed his signed waiver of service, this matter

14  was stayed for 120 days to allow for the parties to determine whether this matter could be settled.

15  See ECF No. 32 (7/12/24 order staying matter and referring it to Early ADR).  As a result, he was

16  not obligated to file an answer immediately after he had been served with the complaint.

17       Did Defendant miss the sixty-day close of the window to inform the Court whether he

18  wanted to opt out of Early ADR?  Yes.  Because the Court gave Defendant sixty days from July

19  11, 2024, – the date it signed the referral and stay order – Defendant's motion to opt out of Early

20  ADR was due on September 9, 2024.  Defendant failed to file anything with the Court indicating

21  what he wanted to do by that date.  As a result, Plaintiff's filing, which requested the Court to lift

22  the stay and have Defendant respond to Plaintiff's complaint (see ECF No. 33) was appropriate.

23  However, because the matter had been stayed for 120 days, Defendant was not required to file an

24  answer right after the sixty-day period to opt out had ended.

---

25  [2]  Plaintiff also appears to argue that his complaint was served on Defendant and a proof of
26  service indicating as much was filed on February 25, 2022, implying that Defendant's initial
    response to the complaint was untimely.  See ECF No. 38 at 1.  The record does not show this.
27  The documents served on February 22, 2022, were new case documents and a consent / decline
    form.  They were served on Avenal State Prison, Plaintiff's prison and thus, on Plaintiff, not on
28  Defendant.  See ECF Nos. 4, 5.  Plaintiff's complaint had not been screened on that date.

In sum, the twenty-one-day period to file a response to Plaintiff's complaint began on September 28, 2024, when the Court lifted the stay and ordered Defendant to file a response within that period. <u>See</u> ECF No. 34 at 3 (order lifting stay, dated 9/28/24). Therefore, Defendant is correct that his answer was timely filed within the twenty-one-day period as it was filed early, on October 17, 2024. His twenty-one-day deadline would have been October 21, 2024, given that the actual, calendar due date for his response – October 19, 2024, – fell on the weekend. <u>See</u> Fed. R. Civ. P. 6(a)(1)(C) (rule extending time for weekends). For these reasons, Plaintiff's motion for an entry of default (ECF No. 38) will be denied.

### C. Plaintiff's Motion for Discovery

In the motion for discovery filed by Plaintiff, which was docketed on November 7, 2024 (<u>see</u> ECF No. 42), he states that certain documents and people are likely to have information showing that Defendant "violated and failed to do his job on August 15 to 16, 2020," thereby putting 134 inmates' lives in jeopardy. <u>Id.</u> at 1. Plaintiff proceeds to identify those documents and people in a list contained in the motion. <u>Id.</u> at 1-2. Defendant has also filed a response and another request for clarification for this motion.[3] <u>See</u> ECF No. 44.

This "motion" will be disregarded as improperly filed. First, to the extent that it may have been intended to be indirect discovery requests for Defendant, it should not have been filed with the Court. The discovery and scheduling order states as much. <u>See</u> ECF No. 36 at 5 ("Discovery requests shall not be filed with the court . . . .") In addition, if they are meant to be formal discovery requests, they are not in the proper format as described in Federal Rules of Civil Procedure 33 (interrogatories); 34 (documents) and 36 (requests for admission), or the Local Rules, which the Court referenced in its discovery and scheduling order.[4] <u>See</u> ECF No. 36 at 6.

---

[3] As previously stated, it is not within the Court's purview to interpret the underlying meaning or intent of a party's filed pleading. Therefore, the Court does not address Defendant's requests for clarification on this motion (ECF No. 42); on the Plaintiff's declaration (ECF No. 41) or on Plaintiff's motion for miscellaneous relief (ECF No. 43). <u>See</u> ECF No. 44 (Defendant requesting clarification for each of these motions).

[4] <u>See</u> Local Rules 250.2 (interrogatories); 250.3 (production of documents); 250.4 (requests for admission). Plaintiff received information regarding these formats in the documents that were attached to the discovery and scheduling order. <u>See</u> ECF No. 36-1 at 28-31 (Local Rules 250.1 through 250.4).

For these reasons, Plaintiff's motion for discovery (ECF No. 42) will be disregarded as improperly filed.

### D.  Plaintiff's Motion to Dismiss Defendant's Claim to Responses

In Plaintiff's motion to dismiss also docketed November 7, 2024 (ECF No. 43), it appears that once again, Plaintiff is contesting the responses that Defendant provided in his answer.  See Compare ECF No. 43 at 1 (Plaintiff referencing "Question 9, line 24" in which Defendant denies he had supervisory authority in building on dates in question), with ECF No. 35 at 2 (Defendant's answer to complaint).  This motion must also be denied.  First, it is effectively a reply to Defendant's answer.  Plaintiff may not file a reply to an answer unless the Court has ordered one.  See Fed. R. Civ. P. 7(a)(7).

Second, as a "motion," it fails to state with any particularity the grounds for it, nor does it make clear the relief Plaintiff seeks.  See id. 7(b)(1)(B)-(C).    Therefore, this motion (ECF No. 43) will also be denied.

### III.    PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

#### A.  Plaintiff's Motion

Plaintiff has also filed a motion for the appointment of counsel.  ECF No. 46.  This is his fourth request for it.  See ECF Nos. 11, 12, 20 (Plaintiff's first three requests).

In support of the motion, Plaintiff states that the prison law library is only open two days a week; that he cannot afford to pay for counsel; that the case is complex, and that he has limited knowledge of the law, amongst other assertions.  See id. at 1-2.

#### B.  Applicable Law

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

1    claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d

2    965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

3    The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

4    common to most prisoners, such as lack of legal education and limited law library access, do not

5    establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

6            C.  Discussion

7            Plaintiff's motion for the appointment of counsel will be denied.  While the fact that

8    Plaintiff's complaint was found to state a claim also leans towards a finding that his case could be

9    successful on the merits, none of the reasons Plaintiff has provided in support of his request

10   constitute exceptional circumstances.  Therefore, having considered the factors under Palmer, the

11   Court finds at this time that Plaintiff has failed to meet his burden of demonstrating exceptional

12   circumstances warranting the appointment of counsel.

13           IV.  PLAINTIFF'S MOTION TO COMPEL

14           In Plaintiff's motion docketed January 21, 2025, labeled "Failure to Make Disclosure or to

15   Cooperate in Discovery" (ECF No. 47), he contends that on December 27, 2024, he sent

16   discovery requests to defense counsel, but that to date he has not received what he asked for from

17   Defendant.  Id. at 1.  He also contends that Defendant has stated that his discovery requests are

18   not in the proper "title".  See id.  Despite these facts, Plaintiff points out that he was scheduled to

19   be deposed by Defendant on January 15, 2025, even though "'[he didn't] know anything." Id.

20   (brackets added).  Once again, Plaintiff asks that counsel be appointed to him.[5] Id.

21           Plaintiff has also filed a declaration in support of the motion.  ECF No. 48.  Docketed on

22   February 13, 2025, it asks that Defendant "stop playing around," and it reiterates the fact that

23   Plaintiff had to be deposed on January 15, 2025, without having first received discovery

24   responses from Defendant.  Id. at 1.  In the motion, Plaintiff also argues that Defendant is

25   "holding the process up, causing [him] disruption in this case" id., and he asks the Court to have

26   _____

27   [5]  Because the Court has already addressed Plaintiff's previous appointment of counsel request
     docketed December 2, 2024, in this order (ECF No. 46), as well as the fact that Plaintiff does not
     provide any information in support of this request for the appointment of counsel (see generally
28   ECF No. 47), the request will be denied.

Defendant to "turn over what [he has] asked for" as well as a copy of the deposition transcripts.[6] See id. (brackets added).

Plaintiff's motion must again be denied. There is a specific format for a motion to compel. That format identifies the specific discovery requests, the responses to which, a party believes are unsatisfactory and why. The format lets the opposing party know to precisely which pieces of discovery he needs to respond and in what way. It also lets a court know which specific discovery requests are at issue. The instant motion to compel is deficient as it does not follow these guidelines.

Plaintiff should consult his prison law library in order to find a sample of what constitutes an appropriate motion to compel. In the interests of justice, Plaintiff will be given the opportunity to do this. To that end, the Court will, sua sponte, modify the discovery and scheduling order and grant Plaintiff an additional forty-five days to file a proper motion to compel. Defendant's response to it will be due within twenty-one days after the motion to compel has been filed. The Court will also vacate the current pretrial motion due date. That date will be reset after any motion to compel that is filed is resolved.

Accordingly, IT IS HEREBY ORDERED that:

1. The following motions filed by Plaintiff and Defendant are either DENIED or DISREGARDED as stated herein: ECF Nos. 37, 38, 40 at 2, 42, 43 and 45;

2. Plaintiff's motion for the appointment of counsel (ECF No. 46) is DENIED;

3. Plaintiff's motion to compel (ECF No. 47) is DENIED;

4. Within forty-five days from the date of this order, Plaintiff shall file a motion to compel that complies with Federal and Local Rules and/or secondary legal sources regarding the format and content of a motion to compel. Plaintiff is encouraged to consult his prison's law

---

[6] Generally speaking, litigants proceeding in forma pauperis are not entitled to free copies of deposition transcripts. The in forma pauperis statute only authorizes payment for transcripts by the United States in very limited circumstances. See 28 U.S.C. § 1915(c) (allowing for government subsidized transcript copy if requested by district court in proceeding before magistrate); Arceo v. Salinas, No. 2:11-cv-2396 MCE KJN P, 2017 WL 4959590, at *2 (E.D. Cal. Nov. 1, 2017) ("There is no provision under the Federal Rules or the Local Rules for free copies of deposition transcripts.").

library in order to find samples of proper motions to compel;

     5.  Defendant's response to Plaintiff's motion to compel shall be due twenty-one days after the filing of the motion to compel, and

     6.  The current May 5, 2025, pretrial motion due date (see ECF No. 36 at 6) is hereby VACATED pending the resolution of any subsequently filed motions to compel.

IT IS SO ORDERED.

    Dated:  **February 22, 2025**           **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE