UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ARISTA,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL FELEPPA,<br><br>        Defendant. | No. 1:22-cv-00240 KES GSA (PC)<br><br>ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 51) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion for the appointment of counsel. ECF No. 51. For the reasons stated below, the motion will be denied.

I.    MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, Plaintiff states that he lacks knowledge of civil law, and that the Office of the Attorney General is taking advantage of his lack of legal knowledge and misguiding him. See ECF No. 51 at 2. Plaintiff also states that it has been difficult to get into the prison law library because it is only open two days a week. Id. at 2-3. In sum, Plaintiff wants counsel to be appointed "so that [he doesn't] mess this case up." Id. at 3 (brackets added).

II.  DISCUSSION

  A.  Applicable Law

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

  B.  Analysis

Plaintiff's motion will be denied. The fact that Plaintiff has been able to file a complaint with viable claims, which have been served on Defendant, indicates that there is a possibility that Plaintiff will be successful litigating this case on its merits. In addition, since Plaintiff filed this case in 2022, he has successfully litigated it filing timely responses when ordered by the Court, as well as multiple independent unsolicited filings, many of which the Court recently addressed. See, e.g., ECF Nos. 37-38, 42-43, 45-47.

For these reasons, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel (ECF No. 51) is DENIED.

IT IS SO ORDERED.

    Dated:   **March 16, 2025**                    **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE