UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALFRED ARISTA, | No. 1:22-cv-00240 KES GSA (PC) |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS UNTIMELY |
| v. | ECF No. 64 |
| MICHAEL FELEPPA, | ORDER DENYING MOTION TO ACCEPT EXHIBITS [MOTION PRETRIAL ORDER] AS UNTIMELY |
| Defendant. | |
| | ECF No. 65 |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This matter is at the pretrial motion stage of the proceedings. See ECF No. 63 (order modifying discovery and scheduling order).

Before this Court are Plaintiff's Motion to Compel and Plaintiff's "motion pretrial order" which the Court construes as a motion to accept exhibits. ECF Nos. 64, 65, respectively. For the reasons stated below, both motions will be denied.

I. PLAINTIFF'S MOTION TO COMPEL

A. Relevant Facts

1

1         Plaintiff's motion to compel was docketed on May 9, 2025, and signed on May 7, 2025.
2   See generally ECF No. 64 at 3 (signature date of motion).  The motion requests that Defendant be
3   ordered to produce a number of documents for copying and inspection.  See id. at 1-2.  It also
4   appears to contain requests for information and/or interrogatories that relate to Defendant
5   identifying inmates and/or prison personnel in the 140 Building on August 15-16, 2020.  Id. at 2.
6   In addition, the motion also asks that Defendant be subjected to mental and physical
7   examinations, given the actions he has taken towards inmates to date.  Id.  Other requests related
8   to "the time the power went out"; protocols that Defendant followed on August 15, 2020; as well
9   as how many inmates who were housed in the 140 Building had contracted COVID-19 on August
10  15-16, 2020, are also requested by Plaintiff.  ECF No. 64 at 3.

11        Plaintiff ends the motion by stating that he has tried to follow the civil rules, but that
12  Defendant has not.  ECF No. 64 at 3.  He also contends that the Office of the Attorney General
13  has no intention of trying to resolve this matter and that there has been no respectable or
14  reasonable offer.  Id.  As a result, Plaintiff states that he "want discussion going on," and if not, a
15  jury can decide the case.  See id.

16        B.  Discussion

17        Plaintiff's motion to compel must be denied as untimely.  The discovery and scheduling
18  order initially stated that motions to compel were to be filed by February 10, 2025.  See ECF No.
19  36 at 6 (discovery and scheduling order).  Thereafter, on February 24, 2025, the Court modified
20  the order directing Plaintiff to file a motion to compel that complied with federal and local rules,
21  and to do so within forty-five days.  ECF No. 49 at 8.  This made any motion to compel that
22  Plaintiff wanted to file due on April 10, 2025.

23        The instant motion to compel filed by Plaintiff was filed more than a month after Plaintiff
24  was given a second opportunity to file one.  Furthermore, the instant motion to compel was filed
25  after the Court had modified the discovery and scheduling order again to change the due date for
26  pretrial motions.  See generally ECF No. 63 (order modifying discovery and scheduling order to

2

1 | change due date of pretrial motions).[1]  For these reasons, the motion to compel will be denied.

2 | II.     PLAINTIFF'S MOTION TO ACCEPT EXHIBITS

Plaintiff has filed another document entitled "Motion Pretrial Order."  ECF No. 65.  Precisely what Plaintiff is requesting the Court to do in the motion is unclear.  In the conclusion section of the motion, Plaintiff asks the Court to "accept [his] documents" and to "take all the exhibit[s] as records for [pretrial]."  Id. at 5 (brackets added).  One of the exhibits attached to the motion is the above-referenced motion to compel.  See id. at 9-12.

Based on Plaintiff's statement in his conclusion in the document (see id. at 5) as well as the fact that Plaintiff has attached the above-referenced motion to compel discovery to it as an exhibit, the Court construes the motion as Plaintiff once again asking the Court to accept his motion to compel.  For the reasons previously stated above, the motion will be denied as untimely.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 64) is DENIED as untimely filed, and
2. Plaintiff's motion to accept exhibits (ECF No. 65) is DENIED as untimely filed.

IT IS SO ORDERED.

Dated:   **May 29, 2025**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also notes for the record that Plaintiff's motion for sanctions still does not comply with federal and local rules.  See generally ECF No. 64.  One of the reasons the Court modified the discovery and scheduling order was accommodate the fact that Plaintiff's first motion to compel had not complied with those rules.  See ECF No. 49 at 7-8.

3