1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALFRED ARISTA,                          No.  1:22-cv-00240 KES GSA (PC)

12              Plaintiff,                    ORDER DENYING PLAINTIFF'S MOTION
                                             FOR LEAVE TO FILE AMENDED
13        v.                                 COMPLAINT

14   MICHAEL FELEPPA,                         (ECF No. 72)

15              Defendant.                    ORDER DENYING:

16                                           PLAINTIFF'S REQUEST FOR SANCTIONS

17                                           (See, ECF No. 74 at 2)

18                                           ORDER DENYING:

19                                           PLAINTIFF'S REQUEST TO REOPEN
                                             DISCOVERY FOR THIRTY DAYS
20
                                             (See ECF No. 74 at 2)
21
                                             ORDER DIRECTING PLAINTIFF TO FILE
22                                           RESPONSE TO DEFENDANT'S MOTION
                                             FOR SUMMARY JUDGMENT
23
                                             (ECF No. 67)
24
                                             PLAINTIFF'S RESPONSE TO MOTION FOR
25                                           SUMMARY JUDGMENT DUE IN THIRTY
                                             DAYS
26
27
28

                                        1

1   Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

2   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

3   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

4   Before this Court is Plaintiff's motion for leave to file an amended complaint and if

5   granted to reopen discovery for 60 days.  ECF No. 72.   The twenty-one-day period within which

6   Defendant should have filed a response to the motion has expired.  See generally Local Rule

7   230(l). Thus, the Court will address the motion without input from Defendant.

8   In addition, Plaintiff has filed a document which requests that the Court, among other

9   things, sanction the prison where Plaintiff is incarcerated and extend the discovery deadline by

10  thirty days.  ECF No. 74 at 2-3.

11  For the reasons stated below, Plaintiff's motion for leave to file an amended complaint

12  will be denied. (ECF No 72).  In addition, Plaintiff's request to sanction his prison and to reopen

13  discovery for 30 days will also be denied. (ECF No.74).  Finally, Plaintiff will be ordered to file a

14  response to Defendant's motion for summary judgment within thirty days of the filing of this

15  order.

16  I.   PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF

17       No.72)

18  Plaintiff's motion requests leave to amend his complaint pursuant to Federal Rules of

19  Civil Procedure 15(a) and 19(a) to add CDCR as a party.  ECF No. 72 at 1.  In support of the

20  request, Plaintiff states that since he filed the original complaint he has determined that the

21  Defendant Feleppa and the California Department of Corrections and Rehabilitation ("CDCR")

22  have "both failed to follow Protocol, rule Procedure, that shows recklessness, exposes me the

23  Plaintiff unreasonable risk of serious harm."  Id. (errors in original).

24  In addition, although somewhat confusing, Plaintiff states he has made an "offord" [offer]

25  to the Attorney General, but it has been over 30 days without a response from the Attorney

26  General.  As a result, Plaintiff states he would like to amend his damages for pain and suffering to

27  $1,850,000.00, [but] if the Attorney General "takes the offord on the table" [offer?], he "will

28  except it". ECF No. 72 at 2.

2

Plaintiff argues that the Court should grant leave freely to amend to add CDCR to the complaint. ECF No. 72 at 1. Plaintiff further requests that the Court disregard the motion to "comple" [compel].[1] Finally, Plaintiff state that with the addition of CDCR to his complaint then discovery should be reopened for 60 days—but if not, "Plaintiff has enough to prove my cases". ECF No. 72 at 2.

## II.   APPLICABLE LAW

### a.   Rule 15(a)

To begin, Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading, in relevant part, once as a matter of course either within twenty-one days of serving it or, if the pleading is one to which a responsive pleading is required, within twenty-one days after the service of a responsive pleading, or whichever is earlier.

The Rule also provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15. However, once a district court has issued a scheduling order under Rule 16 establishing a timetable for amending pleadings, the liberal standards of Rule 15 no longer govern. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Within this context, good cause is measured by the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice [*7] to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. at 609.In ruling on matters such as these, which involve the supervision of the pretrial phase of litigation, "[t]he district court is given broad discretion." Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985). If the district court finds a lack of diligence, "the inquiry should end." Johnson, 975 F.2d at 609. …" Faunce v. Martinez, No. 21-cv-363-MMA (WVG), 2022 U.S. Dist.

---

[1] It is unclear to what motion to compel Plaintiff is referring. If he is referring to his recently filed notice to the Court that he has not received discovery from Defendant (see ECF No. 70), the Court has already directed Defendant to address this allegation, which it has (see ECF No. 73). Therefore, Plaintiff cannot "withdraw" it. If, however, Plaintiff is referring his motion to compel filed May 9, 2025 (ECF No. 64), that motion has been previously denied as untimely. See, ECF No. 66.

1   LEXIS 113604, at *6-7 (S.D. Cal. June 27, 2022).

2          When considering a request for leave to amend, the Court is tasked to consider any of the

3   following factors:  bad faith, undue delay, prejudice to the opposing party, and/or futility.  Serra

4   v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (citation omitted); Griggs v. Pace Am. Group,

5   Inc., 170 F.3d 877, 880 (9th Cir. 1999).  A failure to cure deficiencies in a complaint despite

6   having been given repeated opportunities to do so also warrants the denial of a request for leave

7   to amend.  See AE ex rel. Hernandez v. Cty of Tulare, 666 F.3d 631, 636 (9th Cir. 2012).

8              b.  Rule 19(a)

9          Federal Rule of Civil Procedure 19(a) addresses the joinder of parties in an action.  Such

10  joinder must occur if the joinder will not deprive the Court of subject matter jurisdiction and if, in

11  that person's absence, the Court is unable to provide complete relief to the existing parties.  See

12  Fed. R. Civ. P. 19(a)(1)(A).

13         The Rule provides that a third party is "necessary" if "in that person's absence, the court

14  cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Complete

15  relief under Rule 19(a)(1)(A) means "consummate rather than partial or hollow relief." [*16]

16  EEOC. v. Peabody W. Coal Co., 400 F.3d 774, 780 (9th Cir. 2005) ("Peabody I"). "To be

17  'complete,' relief must be 'meaningful relief as between the parties.'" Alto v. Black, 738 F.3d

18  1111, 1126 (9th Cir. 2013) (quoting Disabled Rights Action Comm. V. Las Vegas Events, Inc.,

19  375 F.3d 861, 879 (9th Cir. 2004)). "[B]y definition, parties to be joined under Rule 19 are those

20  against whom no relief has formally been sought but who are so situated as a practical matter as

21  to impair either the effectiveness of relief or their own or present parties' ability to protect their

22  interests." Peabody I, 400 F.3d at 783 (internal quotation marks omitted).…"

23         "A party may be necessary under Rule 19(a) in three different ways. Salt River Project,

24  672 F.3d at 1179. First, a person is necessary if, in the person's absence, "the court cannot accord

25  complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Second, a person is

26  necessary if that person has an interest in the action and resolving the action in the person's

27  absence may "as a practical matter impair or impede the person's ability to protect the interest."

28  Fed. R. Civ. P. 19(a)(1)(B)(i). Third, a person is necessary if that person has an interest in the

4

1    action and resolving the action in the person's absence may "leave an existing party subject to a

2    substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the

3    interest." Fed. R. Civ. P. 19(a)(1)(B)(ii)...."

4    III.    DISCUSSION

5    Plaintiff's motion to amend must be denied for the following reasons.

6         A.  Plaintiff Declined the Opportunity He Was Given to Amend

7    In the complaint Plaintiff named Does Defendants who were, beside Defendant Feleppa,

8    other "employees, officers, and/or others affiliated or associated with ASP.  This would

9    encompass CDCR.  Plaintiff was given the opportunity in the Court's screening order to file an

10   amended complaint but he declined to do so.  See ECF No. 26 at 7, 8-9 (screening order); see also

11   ECF No. 27 (Plaintiff's notice on how to proceed which opted to proceed on the complaint as

12   screened against Defendant Feleppa).  Thus, Plaintiff's failure to amend after being given the

13   opportunity warrants the denial of his current request to amend the complaint.  See AE ex rel.

14   Hernandez, 666 F.3d at 636.

15        B.  Plaintiff's Motion to Amend as a matter of right Is Untimely Under Rule 15

16   Next, despite the fact that Plaintiff is alleging in his motion to amend that like Defendant

17   Feleppa, CDCR has also failed to follow protocol and rules, and that this failure has also led to

18   him being exposed to an unreasonable risk of serious harm, this claim, aside from being

19   incredibly vague, is untimely when Plaintiff could have amended  the complaint as a matter of

20   right .  Specifically, Plaintiff's complaint was screened back in May of 2024.  See ECF No. 26

21   (screening order).  The instant motion for leave to amend was docketed on July 10, 2025, well

22   past the period Plaintiff had as a matter of right to file an amended complaint -- either twenty- one

23   days after the complaint was served on July 2, 2024, or within twenty-one days after Defendant

24   filed an answer to the complaint on October 17, 2024.  (See, ECF Nos. 31, 35 respectively).  (See,

25   Rule 15(a)(1)(A), and 15(a)(1)(B) .

26        C.  Granting Plaintiff Leave to Amend Would Prejudice Defendant

27   This case is at the dispositive motion phase of the proceedings.  See ECF No. 63 (schedule

28   modification order stating pretrial motions due forty-five days from 4/25/25).  In addition,

1    Defendant has already filed his dispositive motion.[2]  See ECF No. 67 (It is noted that Defendant's

2    motion for summary judgment was filed one day prior to the 45 day deadline).    Therefore, to

3    allow Plaintiff to amend the complaint at this stage of the proceedings would clearly result in

4    undue delay and likely prejudice to Defendant.  See Serra, 600 F.3d at 1200 (identifying prejudice

5    to opposing party as grounds for court to exercise discretion and deny leave to amend request);

6    Griggs, 170 F.3d at 880 (stating district court determines propriety of motion to amend by

7    considering prejudice to opposing party).

8            D.  Justice Does not Require allowing Plaintiff to Amend.  Rule 15(a)(2)

9            Plaintiff's conclusionary allegation that CDCR has failed to follow protocol and rule

10   procedure is insufficient to establish that justice requires the Court to allow Plaintiff at this stage

11   of the proceeding to amend, quite the opposite as set forth above.  It follows that Plaintiff's

12   request to modify his prayer for relief, along with his request to reopen discovery for 60 days,

13   ,should likewise be denied as they are based upon the Court first granting Plaintiff leave to add

14   CDCR as a party.

15           E. Rule 19(a)

16           Plaintiff fails to show exactly how CDCR is a necessary party to this action.   His support

17   for adding CDCR simply states, "Plaintiff has determined that the Defendant Michael Feleppa

18   and CDCR has both failed to follow protocol, rule Procedure, that shows recklessness, exposes

19   me the Plaintiff unreasonable risk of serious harm".  ECF No. 72, at 1.  Without more, this is

20   insufficient on its face to demonstrate that CDCR is a necessary party to this action.  Again, under

21   Rule 16(b)(4) a scheduling order may be modified only for good cause—which Plaintiff has not

22   shown-- and with the judge's consent.  Here, Plaintiff's request to add a new party, to increase the

23   amount of his requested relief $1,850,000 if CDCR if added as a party, and then reopen discovery

24   for 60 days, would most certainly cause a modification of the current scheduling order.

25           In Sum, for all the reasons set forth above, Plaintiff's request to amend the complaint to

26   _____

27   [2]  Despite the fact that Defendant's summary judgment motion was filed on June 9, 2025, to date,
     Plaintiff has not filed a response to it.  Plaintiff is reminded that he should have filed a response to
     Defendant's motion within twenty-one days from the date that Defendant's motion was filed.  See
28   Local Rule 230(l).

1    add CDCR as a party, to increase the relief requested, and to reopen discovery, is denied.

2        IV.    PLAINTIFF'S REQUEST TO MODIFY THE DISCOVERY AND SCHDULING

3            ORDER  ECF No. 74

4            A.  Plaintiff's Request

5        On July 24, 2025, Plaintiff filed an unsolicited "response" to Defendant's reply to the

6    Court's order that directed Defendant to respond to Plaintiff's contention that he hasn't been

7    receiving discovery from Defendant.  See, ECF Nos. 70, 71 & 74.  The Court construes

8    Plaintiff's "response," in part, as a request to modify the discovery and scheduling order as he

9    requests the Court to re-open discovery for 30 days. Id. at 2.

10        In the request, Plaintiff states that, "if it wasn't for this order I the Plaintiff wouldn't have

11    found out that the Attorney General filed for summary judgement".  The order to which Plaintiff

12    is referring is likely the Court's order filed July 9, 2025, which directed Defendant to respond to

13    Plaintiff's assertion that he was not receiving discovery.  See. ECF.Nos. 71 & 70, respectively.

14    Plaintiff also contends in his "response" that Avenal State Prison ("ASP") continues to tamper

15    with his legal mail.  ECF No. 74 at 1-2.  Based on this contention, Plaintiff requests the Court to

16    "sanction" the prison now and it be added to this case.  Plaintiff further requests that the

17    discovery period be reopened an additional 30 days.  ECF No. 74 at 2.  Plaintiff states that if the

18    Court denies his request to extend the discovery deadline date, he will file a motion for summary

19    judgment or go to trial.  Id.

20            B.  Discussion

21                1.  Request for Sanctions Will Be Denied

22        Plaintiff's request for the Court to sanction the prison will be denied for a couple of

23    reasons.  First, contrary to Plaintiff's stated belief (see ECF No. 74 at 1-2), ASP is *not* a party to

24    this action.  Therefore, there is no case or controversy involving ASP that is before the Court.  As

25    a result, the Court has no jurisdiction over ASP to issue sanctions against it.  See Valley Forge

26    Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S.464, 471 (1982)

27    (stating judicial power limited to resolution of cases and controversies).

28        Second, even if ASP and/or other mailroom employees were a party to this action,

1    Plaintiff has provided no supporting evidence that prison officials at ASP actually *have* tampered

2    with his mail.  See generally ECF No. 74.  This assertion is no more than mere speculation and

3    conclusory.

4                    2.   Request to Extend Discovery Deadline Will Be Denied

5              As to Plaintiff's request that the discovery deadline be extended another 30 days (ECF No.

6    74 at 2), it is initially noted that discovery closed on February 10, 2025 (ECF No.36).

7              To reopen discovery, Plaintiff must demonstrate good cause. See Fed. R. Civ. P. 16(b)(4)

8    ("A schedule may be modified only for good cause and with the judge's consent."); Johnson v.

9    Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (courts will modify dates set forth

10   in a scheduling order only upon a showing of good cause, with the focus of the good cause

11   inquiry on the diligence of the moving party); [*2]  Sheridan v. Reinke, 611 Fed. Appx. 381, 384

12   (9th Cir. 2015) (applying Johnson "good cause" requirement to motions to reopen discovery). In

13   determining whether good cause exists for reopening discovery, the Court may consider the

14   following factors:1) whether trial is imminent, 2) whether the request is opposed, 3) whether the

15   non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining

16   discovery within the guidelines established by the court, 5) the foreseeability of the need for

17   additional discovery in light of the time allowed for discovery by the district court, and 6) the

18   likelihood that the discovery will lead to relevant evidence.U.S. ex rel. Schumer v. Hughes

19   Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939, 117 S.

20   Ct. 1871, 138 L. Ed. 2d 135 (1997). However, the good cause inquiry "primarily considers the

21   diligence of the party seeking" to reopen discovery. Johnson, 975 F.2d at 609. If the moving party

22   did not act diligently, the court's "inquiry should end." Id.…." Washington v. Gamboa, No. 1:17-

23   cv-00302-LJO-EPG, 2019 U.S. Dist. LEXIS 155240, at *1-2 (E.D. Cal. Sep. 10, 2019).

24             Here, Plaintiff : 1- does not  address or identify what discovery he seeks to obtain, 2-what

25   efforts he has made to acquire it from Defendant, 3- does not explain why he delayed months

26   after discovery closed to now request that discovery be reopened (request made  July 24, 2025,

27   discovery closed February 10, 2026 (See, ECF Nos. 36 & 74), 4- there is now a pending summary

28   judgment motion filed by Defendant (See, ECF No. 67), and 5- Plaintiff fails to demonstrate the

8

likelihood that further discovery will lead to relevant evidence  either for trial or in responding to Defendant's  pending motion for summary judgment.

Thus, the Court finds that Plaintiff has not been diligent in obtaining discovery, therefore his request to extend discovery for 30 days is denied.

C.    Extension of Time for Plaintiff to file a response to Defendants Summary Judgment Motion

Plaintiff will be given additional time to file a response to Defendant's motion for summary judgment.  He will have thirty days to do so from the date of the filing of this order. Plaintiff is cautioned that absent an emergency, any requests for extensions of time to file his response will be denied.

V.    IN CONCLUSION

IT IS HEREBY ORDERED that:

1.    The Clerk of Court shall send Plaintiff a copy of Defendant's motion for summary judgment.  See ECF No. 67;

2.    Plaintiff's motion for leave to file an amended complaint (ECF No. 72) is DENIED;

3.    Plaintiff's request for sanctions against Avenal State Prison (ECF No. 74 at 2) is DENIED;

4.    Plaintiff's request to modify the discovery and scheduling deadline so that discovery may be extended thirty days (ECF No. 74 at 2) is DENIED, and

5.    Within thirty days from the date of this order, Plaintiff shall FILE a RESPONSE to Defendant's motion for summary judgment.

**Plaintiff is cautioned, that absent exigent circumstances, his failure to timely file a response to Defendant's motion for summary judgment may result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   __**August 4, 2025**__          _____ /s/ Gary S. Austin_
                                                UNITED STATES MAGISTRATE JUDGE

9